IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY FLORIDA
CIVIL DIVISION

SUKIAKI CASTILLO,

        Plaintiff,

vs.

        Case No.: _____

Y.Y. CALL CENTER SERVICE, LLC;
    DEPENDABLE LOCKS, INC.; AND
DAVID PEER, individually

        Defendants.
_____/

## COMPLAINT

**COMES NOW** Plaintiff, SUKIAKI CASTILLO and sues Defendants, Y.Y. CALL CENTER SERVICE, LLC, a Florida Limited-Liability Company, DEPENDABLE LOCKS, INC., a Foreign Corporation and DAVID PEER an individual, and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $15,000.00.

2. Venue lies within Pinellas County because a substantial part of the events giving rise to this claim arose in this Judicial District.

### PARTIES

3. Plaintiff, SUKIAKI CASTILLO, resides in Pinellas County, Florida.

4. Defendant, Y.Y. CALL CENTER SERVICES, LLC is a Florida Limited Liability Company, engaged in substantial and not isolated business activities within the State of Florida. At all times material, Defendant was an employer as defined by the relevant statutes.

5. Defendant, DEPENDABLE LOCKS, is a foreign corporation incorporated in the state of New York and registered with the Florida Department of Corporations. DEPENDABLE

1

LOCKS engaged in substantial and not isolated business activities within the State of Florida. At all relevant times DEPENDABLE LOCKS was an employer as defined by the relevant statutes.

6. Defendant, DAVID PEER, as an Owner of both DEPENDABLE LOCKS and Y.Y. CALL CENTER, at all relevant times, exercised operational control regarding significant aspects of the day-to-day operations involving employees at Y.Y. CALL CENTER. As such, DAVID PEER acted directly or indirectly in the interest of an employer in relation to an employee.

7. At all times material, Plaintiff, SUKIAKI CASTILLO was an hourly employee and does not qualify for any exemptions under the Fair Labor Standards Act.

8. At all material times, Defendant, DAVID PEER was an employer as defined by the relevant statutes.

## FACTUAL ALLEGATIONS

9. Plaintiff realleges paragraphs one (1) through seven (8) as though set forth fully herein.

10. Plaintiff, SUKIAKI CASTILLO, began her employment with Defendants, Superb Solutions a.k.a Dependable Locks a.k.a. Priceline Locksmith on or around, November, 2005 in the Bronx, NY. Plaintiff was promoted several times from November 2005 to September 2007.

11. On or about September 2007, DEPENDABLE LOCKS and Owner DAVID PEER relocated to Clearwater, FL. At that time the business name was changed to Y.Y. CALL CENTER.

12. Plaintiff, SUKIAKI CASTILLO, was asked by DEPENDABLE LOCKS, and Owner DAVID PEER to relocate to Clearwater, FL. Plaintiff accepted the offer and moved to Florida on or about September 16, 2007 and began working for Defendants.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT (FLSA) – OVERTIME

13. PLAINTIFF, SUKIAKI CASTILLO re-alleges paragraphs 1 through 12 as though set forth fully herein.

14. At all times material hereto, PLAINTIFF SUKIAKI CASTILLO regularly and routinely worked for Defendants, Y.Y. CALL CENTER SERVICE, LLC, DEPENDABLE LOCKS and DAVID PEER in excess of forty (40) hours per work week.

15. At all times material, Defendants, Y.Y. CALL CENTER SERVICE, LLC, DEPENDABLE LOCKS and DAVID PEER failed to comply with 29 U.S.C. § 201 et seq., in that Defendant did not compensate PLAINTIFF, SUKIAKI CASTILLO at the rate of time and one-half of PLAINTIFFS regular rate for the excess hours worked.

16. Defendant, Y.Y. CALL CENTER SERVICE, LLC, DEPENDABLE LOCKS and DAVID PEER, despite PLAINTIFFS' reasonable attempts to obtain payment of these earned monies, has failed and refused to make payment as required by Florida Statute Ch. 448 and 29 U.S.C. § 201 et seq.,.

17. Defendant, Y.Y. CALL CENTER SERVICE, LLC, DEPENDABLE LOCKS and DAVID PEER failure to pay PLAINTIFF, SUKIAKI CASTILLO the required overtime pay was intentional and willful.

18. As a direct and legal consequence of Defendants, Y.Y. CALL CENTER SERVICE, LLC, DEPENDABLE LOCKS and DAVID PEER unlawful acts, PLAINTIFF, SUKIAKI CASTILLO has suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff, SUKIAKI CASTILLO, respectfully request all legal and

equitable relief allowed by law including judgment against Defendants, Y.Y. CALL CENTER SERVICE, LLC, DEPENDABLE LOCKS and DAVID PEER for overtime compensation, liquidated damages, prejudgment interest; payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and equitable relief declaring and mandating the cessation of Defendant's unlawful pay policy and such other relief as the court may deem just and proper.

## COUNT II
## UNPAID WAGES

19. PLAINTIFF, SUKIAKI CASTILLO realleges and adopts the allegations stated in Paragraphs one 1 through 12 and 23 through 26 as if set forth fully herein.

20. PLAINTIFF, SUKIAKI CASTILLO has earned unpaid wages which are owed and payable by the Defendants, Y.Y. CALL CENTER SERVICE, LLC, and DEPENDABLE LOCKS, as an employer pursuant to Florida Statute Chapter 448.

WHEREFORE, PLAINTIFF, SUKIAKI CASTILLO, respectfully request all legal and equitable relief allowed by law including judgment against Defendant, Y.Y. CALL CENTER SERVICE, LLC, and DEPENDABLE LOCKS for wage compensation, prejudgment interest; post judgment interest, and reasonable attorneys' fees and costs incurred in the prosecution of this claim and equitable relief declaring and mandating the cessation of Defendant's unlawful pay policy and such other relief as the court may deem just and proper.

## COUNT III
## VIOLATION OF THE FAIR LABOR STANDARDS
## ACT (FLSA) – IMPROPER WITHHOLDING

21. PLAINTIFF, SUKIAKI CASTILLO re-alleges paragraphs 1-12 as though set forth fully herein.

22. On or about September 2008, Plaintiff, SUKIAKI CASTILLO, and

DEFENDNAT Owner, DAVID PEER, together, signed a lease for an apartment for Plaintiff.

23. On or about December 2008, Plaintiff SUKIAKI CASTILLO, told DEFENDANT owner, DAVID PEER that she needed to move out of the apartment in February, leaving an early termination fee on the leased apartment, which DEFENDANT Owner, DAVID PEER paid.

24. DEFENDANT Owner, DAVID PEER, without notice or authority from Plaintiff, began to garnish Plaintiff's paychecks in December 2008 to repay the personal monies for the termination fee on the leased apartment, leaving Plaintiff penniless.

25. At all times material, Defendants, Y.Y. CALL CENTER SERVICE, LLC, DEPENDABLE LOCKS and DAVID PEER failed to comply with 29 U.S.C. § 201 et seq., in that Defendant improperly withheld PLAINTIFF, SUKIAKI CASTILLO's earned wages.

26. Defendant, Y.Y. CALL CENTER SERVICE, LLC, DEPENDABLE LOCKS and DAVID PEER'S improper withholding of earned wages to PLAINTIFF, SUKIAKI CASTILLO was intentional and willful.

27. As a direct and legal consequence of Defendants, Y.Y. CALL CENTER SERVICE, LLC, DEPENDABLE LOCKS and DAVID PEER unlawful acts, PLAINTIFF, SUKIAKI CASTILLO has suffered damages and has incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff, SUKIAKI CASTILLO, respectfully request all legal and equitable relief allowed by law including judgment against Defendants, Y.Y. CALL CENTER SERVICE, LLC, DEPENDABLE LOCKS and DAVID PEER for improper withholding of earned wages, including liquidated damages, prejudgment interest; payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and equitable relief declaring and mandating the cessation of Defendant's unlawful pay policy and such other relief as the

court may deem just and proper.

## COUNT IV
## FLORIDA PRIVATE WHISTLEBLOWER'S ACT

28. PLAINTIFF, SUKIAKI CASTILLO re-alleges paragraphs 1 through 12 as though set forth fully herein.

29. This is an action for damages pursuant to Florida's Private Whistleblower's Act. F.S. § 448.102(3), *et. seq.*

30. On or about February 2009, DEFENDANT Owner, DAVID PEER reduced Plaintiff's pay and told to sign a document that she agreed to the pay reduction. Plaintiff was told that if she did not sign the document she would be fired. Plaintiff, needing her job conceded to the threats and signed the document.

31. On or about May 5, 2009, DEFENDANT Owner, DAVID PEER, told Plaintiff to go to payroll to make sure there were no errors in the garnishment of her wages. Accounting told Plaintiff that DAVID PEER actually owed her $242.50. DEFENDANT Owner, DAVID PEER, said that was not correct and that Plaintiff owed him $70.00. Plaintiff told DEFENDANT Owner, DAVID PEER that not only did he owe her $242.50, but he also owed Plaintiff three (3) years of overtime pay and she wanted to be paid the overtime owed to her. DEFENDANT, retaliated against Plaintiff by immediately terminating her

32. As set forth above, PLAINTIFF objected to Defendant's illegal business practices which were undertaken for the benefit of the company. PLAINTIFF objected to violations of Fair Standards Labor Act (FLSA) for unpaid overtime and improper withholding of wages in violation of 29 U.S.C. § 201 et seq.

33. After objecting to the illegal activity, DEFENDANTS retaliated against PLAINTIFF by terminating her.

34. Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by with 29 U.S.C. § 201 et seq., in that Defendant did not compensate PLAINTIFF at the rate of time and one-half of PLAINTIFFS regular rate for excess hours worked and improperly withheld earned wages.

35. The above-described acts of retaliation constitute a violation of the Florida Private Whistleblower's Act for which Defendants, Y.Y. CALL CENTER SERVICE, LLC, DEPENDABLE LOCKS and DAVID PEER is liable.

36. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, SUKIAKI CASTILLO prays for the following damages against Defendant, Defendants, Y.Y. CALL CENTER SERVICE, LLC, and DEPENDABLE LOCKS:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages;

    e. Pecuniary and non-pecuniary losses;

    f. Costs and attorney's fees;

    g. Punitive damages; and

    h. For any other relief this Court deems just and equitable.

37. As a result of Defendant's unlawful acts against Plaintiff, she has and will continue to incur attorney's fees, which are recoverable under section 448.104, Florida Statutes.

## DEMAND FOR JURY TRIAL

38. Plaintiff, SUKIAKI CASTILLO, requests a jury trial on all issues so triable.


DATED 9/3/09


FLORIN ROEBIG, P.A.

_____
CHRISTOPHER D. GRAY, ESQUIRE
Florida Bar No.: 902004
CDG@FlorinRoebig.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
WMF@FlorinRoebig.com
**RACHAEL L. WOOD, ESQUIRE**
Florida Bar No.:54102
RWood@FlorinRoebig.com
777 Alderman Road
Palm Harbor, Florida 34683
Telephone No.: (727) 786-5000
Facsimile No.: (727) 772-9833
Attorneys for Plaintiff